**Moses GROVE, Plaintiff,**

v.

**Ryan GUILFOYLE and House & Yard Lumber Co., Inc., Defendants.**

No. CIV.A. 04–468.

United States District Court,
E.D. Pennsylvania.

July 8, 2004.

David F. Itkoff, Law Offices of David F. Itkoff & Associates, PC, Penns Park, PA, for Plaintiff.

Ted D. Broom, Francis R. Gartner & Assoc., Blue Bell, PA, for Defendants.

### MEMORANDUM OPINION AND ORDER

RUFE, District Judge.

This is a personal injury action arising from an August 19, 2003 motor vehicle acci-

dent. Plaintiff initiated suit in this Court on January 30, 2004 against Defendants Ryan Guilfoyle and House & Yard Lumber Co., Inc. ("HYL"). Plaintiff filed an Amended Complaint on February 2, 2004. Defendant Guilfoyle allegedly was acting in the course and scope of his employment with HYL at the time of the accident. Defendant HYL filed an Answer on March 12, 2004. On June 3, 2004, the Court issued an Order to Show Cause why all claims against Defendant Guilfoyle should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) for failure to effect timely service. On June 10, 2004, Plaintiff responded to the Order to Show Cause with a Petition seeking permission to serve the Amended Complaint by posting and/or publication. Defendant HYL filed no response to Plaintiff's Petition.

Since filing the instant action, Plaintiff has made three separate attempts to locate and/or serve Defendant Guilfoyle. First, on February 5, 2004, he sent copies of the summons and Amended Complaint via certified and regular mail to the New Bedford, Massachusetts address that Defendant Guilfoyle provided to Plaintiff at the time of the action. The United States Postal Service ("USPS") returned the certified mail as "attempted, not known." The regular mailing was not returned by either Defendant Guilfoyle or USPS. Second, Plaintiff contacted counsel for HYL, who stated HYL did not know Defendant Guilfoyle's current address. Third, Plaintiff submitted to USPS a Request for Change of Address regarding Defendant Guilfoyle. USPS returned the form, marking "Moved, left no forwarding address."

Plaintiff argues that Defendant Guilfoyle is deliberately evading service and that an order permitting alternative service should issue. He also advances a practical argument, averring that because Defendant Guilfoyle allegedly was acting in the course and scope

of his employment with HYL at the time of the accident, "upon information and belief" counsel for HYL will "undoubtedly" assume Defendant Guilfoyle's defense once alternative service is completed.[1]

Under Federal Rule of Civil Procedure 4(e), service may be effected pursuant to the law of the state in which the district court sits. In the context of this case, the Pennsylvania Rules of Civil Procedure permit service of original process outside the Commonwealth: (1) by personal service as provided in Rule 402(a); (2) by mail as provided in Rule 403; and (3) as permitted by the law of the jurisdiction in which service is to be made.[2] Plaintiff's efforts thus far comport with service by mail as provided in Rule 403, although those efforts have proved unsuccessful. Plaintiff's Petition does not describe any efforts to serve Defendant Guilfoyle personally or in any manner permitted under Massachusetts law.

Rule 430(a) provides that "[i]f service cannot be made under the applicable rule [here, Rule 404], ... the plaintiff may move the court for a special order directing the method of service."[3] Before requesting an alternative method of service, a plaintiff must make a "good faith" effort to locate the defendant and properly effectuate service.[4] Alternative methods of service are an "option of last resort."[5] The commentary accompanying Rule 430(a) lists examples of the types of procedures contemplated by the Rule, although the list is not exhaustive. At minimum, it requires more than a "mere paper search."[6] Thus, good faith efforts might include: (1) inquiries of postal authorities, (2) inquiries of relatives, neighbors, friends and employees of the defendant, and (3) examinations of local telephone directories, voter registration records, local tax records and motor

1. Pl.'s Pet. ¶¶ 16, 18.

2. Pa. R. Civ. P. 404(1)-(3). Rule 404 also provides for methods of service in foreign countries, although those provisions are inapposite here. *See id.* at 404(4)-(5).

3. Pa. R. Civ. P. 430(a).

4. *Clayman v. Jung,* 173 F.R.D. 138, 139 (E.D.Pa. 1997); *see also* Pa. R. Civ. P. 430(a), Note.

5. *Witherspoon v. City of Philadelphia,* 564 Pa. 388, 768 A.2d 1079, 1089 n. 3 (2001) (Newman, J., dissenting).

6. *Deer Park Lumber, Inc. v. Major,* 384 Pa.Super. 625, 559 A.2d 941, 946 (1989).

vehicle records.[7]

Here, Plaintiff's efforts fall far short of Rule 430(a)'s requirements. It is clear that other avenues exist whereby Plaintiff may yet locate Defendant Guilfoyle. Some other reasonable methods are suggested by the Note to Rule 403, other courts, and the record before this Court: (1) examining voter registration records, local tax records, motor vehicle records and other public documents; (2) inquiring of Defendant Guilfoyle's former neighbors in New Bedford or his former coworkers at HYL; (3) reviewing the police report of the accident at issue (if one exists) for further information concerning Defendant Guilfoyle; and (4) examining local telephone directories.

Before permitting service of process by posting and/or publication,[8] a more extensive search for Defendant Guilfoyle is warranted. Alternative service is only appropriate when service *"cannot* be made" under the applicable Rule, and only as a last resort.[9] Although Plaintiff's practical argument has some allure, the Rules do not permit alternative service to issue on the basis of assumptions and likelihoods. Moreover, that Defendant Guilfoyle moved since the August 19, 2003 accident does not persuade the Court that he is *attempting to evade service.*[10] Accordingly, until the Court is satisfied that service under the Rules *cannot* be made, alternative service will not be permitted. Because it appears on this record that Plaintiff has left several stones unturned, the Court will deny the Petition without prejudice to re-file within forty-five (45) days.

An appropriate Order follows.

### ORDER

AND NOW, this 8th day of July, 2004, upon consideration of the Petition for Special Order Directing Service by Publication and/or Posting [Doc. # 7] and the Supplement thereto [Doc. # 8], and for the reasons set forth in the attached Memorandum Opinion, it is hereby **ORDERED** that the Petition is **DENIED WITHOUT PREJUDICE** to the right to re-file within forty-five (45) days of the date of this Order.

It is so **ORDERED.**

---

7.  *See* Pa. R. Civ. P. 430(a), Note.

8.  Even if the Court was persuaded that Plaintiff had made a good faith effort to locate and serve Defendant Guilfoyle, the Petition could not be granted because Plaintiff has failed to set forth any details concerning which publications he believes would comport with the requirements of Rule 430(b)(1). Plaintiff should cure this defect in the event he re-files a similar petition.

9.  Pa. R. Civ. P. 430(a) (emphasis added).

10. *See* Pa. R. Civ. P. 430(a), Note ("A sheriff's return of 'not found' or the fact that a defendant has moved without leaving a new forwarding address is insufficient evidence of concealment.") (citing *Gonzales v. Polis,* 238 Pa.Super. 362, 357 A.2d 580 (1976)).