**Marie CALABRO, Plaintiff,**

v.

**Seymour LEINER, et al., Defendants.**

**Civil Action No. 06–3820.**

United States District Court,
E.D. Pennsylvania.

Dec. 14, 2006.

Faye Riva Cohen, Philadelphia, PA, for Plaintiff.

## MEMORANDUM

EDUARDO C. ROBRENO, District Judge.

Before the Court is Plaintiff Marie Calabro's motion for alternate service of process pursuant to Pennsylvania Rule of Civil Procedure 430. The alternate service she seeks, in lieu of personal service, is leave to serve the complaint and summons by first class mail, postage prepaid. In the alternative, she seeks service via publication.[1]

There are three steps a party wishing to obtain leave for alternate service of process must take under the Pa. R. Civ. P. 430. First, the person must show a good faith effort to locate the person on which service is to be made. Second, plaintiff must undertake practical efforts to serve

---

1. Plaintiff does not state where she proposes publication be made. Instead, this request is simply tacked-on in a short phrase at the end of the motion.

defendant under the circumstances. If the plaintiff has satisfied these first two steps, she must then show that the proposed alternate method of service is reasonably calculated to provide the defendant with notice of the proceedings against him. At issue here is the second step—the adequacy of plaintiff's efforts to serve defendants. As plaintiff has not shown sufficient efforts to effect personal service upon defendants, plaintiff's motion will be denied.

## I. BACKGROUND

This is an ERISA action by plaintiff against her former employer, both individually and against the employer corporation, its board of directors and the trustees and administrators of its pension plans.

According to plaintiff, a Florida resident, she has been trying unsuccessfully to effect service of process upon defendants. Because plaintiff was granted leave to proceed in *forma pauperis*, the U.S. Marshal attempted service of process. According to plaintiff, on three occasions—October 17, 2006, October 31, 2006 and November 1, 2006—the U.S. Marshal attempted to serve the complaint and summons on defendants, but they "failed to answer the door." Plaintiff has included as exhibits

the process receipt and return documenting the U.S. Marshal's unsuccessful attempts at service on each occasion.[2]

## II. DISCUSSION

### A. *Legal Standard for Alternate Service of Process*

■ Service of process is not a mere technicality. Rather, constitutional due process requires that service of process be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

Under Rule 4(e)(1) of the Federal Rules of Civil Procedure, service may be effected pursuant to the law of the state in which the district court sits, or in which service is effected. As the case is before the Eastern District and defendants are located in Philadelphia, Pennsylvania Rules of Civil Procedure apply. Rule 430 of the Pennsylvania Rules of Civil Procedure provides that if service cannot be made to defendant's residence or place of business as provided by the rules, plaintiff may move the court for a special order directing the method of service.[3] Rule 430(a) provides:

**2.** Upon examining the U.S. Marshal's Process Receipt and Return documents, it appears that on the first occasion, October 17, 2006, service was attempted at two locations: 6200 Frankford Avenue, Philadelphia, PA and 8869 Roosevelt Blvd, Philadelphia, PA 19115. On the subsequent two occasions, service was attempted at 8869 Roosevelt Blvd, Philadelphia, PA 19115.

**3.** Note that nearly all of the scarce case law addressing Pennsylvania Rule of Civil Procedure 430(a) involve plaintiff's request for publication *when the whereabouts of defendants is unknown. See Accu–Tech Corp. v. Network Technologies Group, Inc., et al.*, No. 05–1923, 2005 WL 1459543 (E.D.Pa. June 17, 2005) (Bartle, J.) (Publication as alternative method of service denied because plaintiffs had not made the appropriate effort to locate defen-

dant so as to forego personal service); *Gray v. Power, et al.*, No. 94–5076, 1996 WL 30475 (E.D.Pa. Jan.18, 1996) (Welsh, M.J.) (Plaintiff granted leave to serve defendants by publication in the Legal Intelligencer and in the Philadelphia Inquirer or the Philadelphia Daily News and by ordinary mail at the address on defendant's drivers license when plaintiff made requisite good faith effort to locate defendant but was nonetheless unable to do so.); *Long v. Polidori*, No. 03–1439, 2003 WL 21278868 * 1 (E.D.Pa. May 29, 2003) (Kelly, J.) (Denying plaintiffs' motion for leave to serve defendant by publication where, although plaintiff satisfied good faith effort to locate defendant necessary under 430(a) and was unable to do so, chosen newspapers were not reasonably calculated to provide requisite notice to defendant); *Grove v. Guilfoyle, et al.*, 222 F.R.D. 255, 257 (E.D.Pa.2004) (Rufe, J.)

If service cannot be made under the applicable rule the plaintiff may move the court for a special order directing the method of service. The motion shall be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made. Pa. R. Civ. P. 430(a).

■ Alternative service is only appropriate when service 'cannot be made' under the applicable rule of civil procedure. *Grove v. Guilfoyle*, 222 F.R.D. 255, 257 (E.D.Pa.2004) (citing Pa. R. Civ. P. 430(a)). In Pennsylvania, plaintiffs must meet the following conditions for alternate service.

■ One, plaintiff must make a "good faith" effort to *locate* defendant. *Grove*, 222 F.R.D. at 256 (emphasis added); *Adoption of Walker*, 468 Pa. 165, 360 A.2d 603 (1976). Such good faith efforts might include, among other things, inquiries of postal authorities, inquiries of relatives, friends, neighbors, and employees of defendant, and examinations of voter registration records, local tax records, and motor vehicle records. Pa. R. Civ. P. 430(a), note. It is not necessary that plaintiff pursue every method listed in the note to Rule 430(a) in order to satisfy the good faith effort requirement.[4]

Second, once defendant is located, plaintiff must show that she has made practical efforts to *serve* defendant under the circumstances.[5] Depending on the defendant's situation, circumstances may warrant, for example, visiting the defendant's location on different days of the week, or at different times of day.

Three, if the plaintiff has satisfied the first two steps, the plaintiff's proposed alternate means of service must be reasonably calculated to provide the defendant with notice of the proceedings against him. *Clayman v. Jung*, 173 F.R.D. 138, 140 (E.D.Pa.1997); *Penn v. Raynor*, No. Civ.A. 89–553, 1989 WL 126282, at *4 n. 3, 1989 U.S. Dist. LEXIS 12549, at *10 n. 3 (E.D.Pa. Oct. 18, 1989); *Kittanning Coal*

(Denying plaintiffs request to publish service because alternate service is only last resort when service "cannot be made" under the applicable Rule and where plaintiff had not shown that plaintiff had made a good faith effort to locate defendant's whereabouts).

That is not the factual situation in this case. On the contrary, plaintiff's good faith efforts point her to a location that the defendant most likely resides—8869 Roosevelt Blvd, Philadelphia.

4. *See Long v. Polidori*, No. 03–1439, 2003 WL 21278868 * 1 (E.D.Pa. May 29, 2003) (Kelly, J.) ("Although Plaintiffs have not pursued every method listed in the note to Rule 430(a), we find that Plaintiffs have engaged in a good faith effort to locate Polidori and agree that publication is a proper method of providing notice to the defendant."). While finding that the alternate method of service (publication) was appropriate in principle, the court nonetheless denied the plaintiffs' request to serve defendants through publication in the Pennsylvania Law Reporter and the Pennsylvania Courier Times as they were not reasonably calculated to provide the required notice to defendant. *Id.*

5. *Clayman v. Jung*, 173 F.R.D. 138, 142 (E.D.Pa.1997) (Dalzell, J.)is illustrative on this point. There, the plaintiffs' request for alternate method of service (publication) was denied because once the plaintiffs satisfied the good faith efforts to locate the defendant requirement of 430(a), they had obtained credible evidence of his actual location to enable them to personally serve him. Once this happened, the court determined that alternate service was no longer needed as "it appears likely that [plaintiffs] will be able to serve summons and complaint in this matter upon [defendant] *personally*. Under the Federal Rules of Civil Procedure and the relevant caselaw, the party initiating suit bears the burden of giving the defendants actual notice of an action. There is, at last, the likelihood that the [plaintiffs] may now be able to carry that burden in this case."

*Co. v. International Mining Co.,* 551 F.Supp. 834, 838 (W.D.Pa.1982).

### B. *Application of Legal Standard to Facts*

The first step is not at issue in this case, as Calabro's efforts to *locate* defendants satisfy the requirements of good faith efforts of 430(a). She has pursued several of the suggested methods listed in Pa. R. Civ. P. 430(a) in order to locate defendants' whereabouts, such as searching "internet address records"[6] and obtaining a Freedom of Information Act Statement from the U.S. Post Office. Both avenues informed plaintiff that defendants Leiner (individually) and Leiner, P.C. Defined Benefit Pension Plan is located at 8869 Roosevelt Blvd, Philadelphia, PA 19115.[7]

██ The aspect of the rule which is fatal to plaintiff's motion is the second step—that is the adequacy of Calabro's efforts to *serve* the defendants. To that effect, the plaintiff bears the burden of showing that she has undertaken practical efforts to serve the defendants under the circumstances, a burden which she is unable to meet in this case. Half-hearted attempts at service will not do. While the plaintiff, through the U.S. Marshal, has attempted service three times on the defendants, two were on the same day of the week—Tuesday, and the two that have listed times of

attempted service took place around the same time of day, between 10:00 a.m. and 11:30.[8] Aside from the fact that the U.S. Marshal knocked on the door three times (presumably with some force) and received no answer, there is no evidence that defendants are attempting to evade service; nor is there any other indication why future attempts at service, at different times or on different days, would be futile. Plaintiff has, therefore, failed to meet her burden of showing that she has undertaken practical efforts to serve the defendants under the circumstances.

The third step of Rule 430(a)—whether the alternate means of service is reasonably calculated to provide the defendants with notice of the proceedings against them—is not reached as plaintiff has not shown that she has satisfied adequately attempted to effect personal service upon defendants. Therefore, the Court declines to address whether service by plaintiff's requested alternate means, first class United States mail, postage prepaid, under the circumstances, is reasonably calculated to provide defendants with notice of the proceedings against them.

### III. CONCLUSION

For the reasons set forth above, the motion will be denied without prejudice. An appropriate order follows.

---

6. The internet record referred to is Accurint Search at https://secure.accurint.com/app/bps/report

7. This is one of the addresses at which the U.S. Marshal unsuccessfully attempted to effect personal service. The other address at which the U.S. Marshal unsuccessfully attempted to serve defendants was 6200 Frankford Avenue, Philadelphia, PA. Plaintiff claims that her investigation revealed that defendant no longer operate offices at 6200 Frankford Avenue.

8. Based on the U.S. Marshal's Process Receipt and Return, it appears that the U.S.

Marshal attempted service on the following dates and times:

*October 17, 2006 (Tuesday)—*
- 6200 Roosevelt Blvd (time of attempted service not documented)
**Office closed this date**
- 8869 Roosevelt Blvd (time of attempted service not documented)
**Office closed this date**
*October 31, 2006 (Tuesday)—*
- 8869 Roosevelt Blvd—11:30 a.m.—**OFFICE CLOSED**
*November 1, 2006 (Wednesday)—*
- 8869 Roosevelt Blvd—10:00 a.m.—**OFFICE CLOSED**

474

## ORDER

AND NOW, this **14th** day of **December 2006,** after consideration of plaintiff's Motion for Alternate Service (doc. no. 6), it is hereby **ORDERED** that plaintiff's Motion for Alternate Service (doc. no. 6) is **DENIED** without prejudice.

**AND IT IS SO ORDERED.**