NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

FINE POINT PAINTING, LLC, an Arizona
limited liability company,
*Plaintiff/Appellee,*


*v.*


OCCIDENTAL FIRE & CASUALTY COMPANY
OF NORTH CAROLINA, a North Carolina corporation,
*Defendant/Appellant.*

No. 1 CA-CV 13-0677
FILED 1-8-2015

Appeal from the Superior Court in Maricopa County
No. CV2012-092859
The Honorable Margaret Benny, Commissioner

**AFFIRMED**

COUNSEL

Schneider & Onofry, PC, Yuma
By Jason M. Kelly

Kelly Warner, PLLC, Scottsdale
By Daniel R. Warner
*Co-Counsel for Plaintiff/Appellee*

Israel & Gerity, PLLC, Phoenix
By Kyle A. Israel
*Counsel for Defendant/Appellant*

## MEMORANDUM DECISION

Presiding Judge Patricia A. Orozco delivered the decision of the Court, in which Judge Randall M. Howe and Judge Maurice Portley joined.

**O R O Z C O**, Judge:

¶1        Occidental Fire and Casualty Company of North Carolina (Occidental) appeals the trial court's order denying its motion to set aside a default judgment in favor of Fine Point Painting, LLC (Fine Point). For the reasons that follow, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2        Belfor Property Restoration (Belfor) hired Fine Point to repair paint and drywall and to perform general carpentry tasks in Paul and Marie Denny's home. After Fine Point completed the project, an explosion occurred in the home causing Donovan Staley to sustain burns. At the time of the incident, Fine Point was insured by Occidental. Belfor claimed it was entitled to additional insured benefits under Fine Point's general liability policy and filed a claim with Occidental.

¶3        On January 5, 2012, Occidental notified Fine Point and Belfor that Belfor did not qualify as an additional insured under Fine Point's policy. Nevertheless, Fine Point made multiple demands upon Occidental to defend and indemnify Belfor in claims related to the incident. On June 11, 2012, Fine Point filed suit against Occidental alleging breach of contract, breach of duty of good faith and fair dealing, and negligent misrepresentation.

¶4        On July 18, 2012, Occidental notified Fine Point that it agreed to defend and indemnify Belfor in an action the Dennys filed in the District Court of the Navajo Nation. However, Occidental stated:

> Any action taken by us in the investigation, defense, or settlement shall not constitute or be construed as a waiver or an estoppel of any rights or defenses we have under the subject policy of insurance. [Occidental] reserves the right to deny coverage and withdraw from any further participation in this matter altogether, should facts be developed that determine the . . . policy does not cover this loss.

¶5   Occidental asked Fine Point to dismiss its lawsuit because Occidental's agreement to defend Belfor rendered the lawsuit "moot." On August 24, 2012, after the deadline to respond to Fine Point's complaint expired, Fine Point notified Occidental that, "[b]ecause [Occidental] has provided coverage to [Fine Point] and Belfor, we are hopeful that we can also settle the remaining items short of continued litigation and have elected not to default [Occidental] at this point." Fine Point requested Occidental pay $12,591 for Fine Point's incurred attorney fees and costs and $70,092 representing those funds Belfor was withholding from Fine Point "because of [Occidental's] failure to indemnify Belfor." After reviewing Fine Point's invoices, Occidental agreed to pay only $8,801.60 of the attorney fees. In response, Fine Point explained to Occidental that, "Belfor would not be withholding payment of $70,092 but for Occidental's failure to provide coverage," and it would be filing a notice of default if the total amount of requested attorney fees and costs were not paid.

¶6   Fine Point filed an application and notice for entry of default judgment on October 17, 2012. In its motion for hearing for the default judgment, which was served on Occidental, Fine Point sought compensatory damages in the amount of $1,070,092, claiming that Belfor refused to do any further business with Fine Point as a result of Occidental's failure to defend Belfor, and $200,000 in punitive damages because "[Occidental] knowingly denied coverage for several months after being informed several times that substantial loss would be caused to [Fine Point]." Fine Point also requested its attorney fees and costs, totaling $15,385.40 and $642.10, respectively. The default judgment hearing was held on April 22, 2013, and Occidental did not appear. The trial court awarded Fine Point a judgment for compensatory damages in the amount of $977,000 plus costs in the amount of $642.10, and interest at the statutory rate until the judgment was paid in full.

¶7   On July 2, 2013, Occidental moved for a new trial or amended judgment, to set aside the judgment and to stay post-judgment collection proceedings, claiming: "(1) the [j]udgment was entered after [Occidental] reasonably believed it had settled this claim with [Fine Point] more than once and (2) the [j]udgment was obtained through [Fine Point's] misrepresentation of the true cause of its economic losses." The trial court denied the motions, finding that the motion to amend the judgment and the request for new trial were untimely filed and the trial court could find no reason under any subsection of Arizona Rule of Civil Procedure (Rule) 60(c) to set aside the judgment. Occidental timely appealed and we have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution and

Arizona Revised Statutes (A.R.S.) sections 12-120.21.A.1. and -2101.A.5(a) (West 2014).[1]

## DISCUSSION

I.      Relief Under Rule 60(c)

**¶8**      Trial courts have broad discretion when determining whether to set aside a judgment under Rule 60(c). *Woodbridge Structured Funding, LLC. v. Ariz. Lottery*, 235 Ariz. 25, 29, ¶ 21, 326 P.3d. 292, 296 (App. 2014). "We review a trial court's denial of relief from judgment under Rule 60 for an abuse of discretion." *Id.* at 29-30, ¶ 21, 326 P.3d. at 296-97. "A court abuses its discretion if it commits an error of law in reaching a discretionary conclusion, it reaches a conclusion without considering the evidence, it commits some other substantial error of law, or the record fails to provide substantial evidence to support the trial court's finding." *Flying Diamond Airpark, LLC. v. Meienberg*, 215 Ariz. 44, 50, ¶ 27, 156 P.3d 1149, 1155 (App. 2007) (internal citation and quotation omitted). We view the facts in the light most favorable to upholding the trial court's ruling on a motion to set aside a default judgment. *Blair v. Burgener*, 226 Ariz. 213, 215, ¶ 2, 245 P.3d 898, 900 (App. 2010).

**¶9**      A trial court may set aside a default judgment in accordance with Rule 60(c). Ariz. R. Civ. P. 55(c). To be entitled to relief, Occidental must prove: 1) that its failure to file a timely answer was excusable under one of the subdivisions of Rule 60(c), 2) that it acted promptly in seeking relief and 3) it had a substantial and meritorious defense to the action. *See Blair*, 226 Ariz at 216, ¶ 7, 245 P.3d at 901.

**¶10**      Occidental first argues it is entitled to relief under Rule 60(c)(3), which allows the trial court to set aside a default judgment that is procured by "fraud . . . misrepresentation or other misconduct of an adverse party." To obtain relief under this rule, a party must show that the adverse party's fraud, misrepresentation or misconduct prevented the first party from fully presenting a meritorious defense before the default judgment. *See Estate of Page v. Litzenburg*, 177 Ariz. 84, 93, 865 P.2d 128, 137 (App. 1993) (interpreting Federal Rule of Procedure 60(b)(3), which is functionally identical to Arizona's Rule 60(c)(3)).

---

[1]      We cite to the current version of applicable statutes when no revisions material to this decision have since occurred.

¶11        Occidental contends that Fine Point engaged in misconduct by misleading the trial court about the "true cause of [Fine Point's] lost profits which led to a judgment far in excess of that [which] was caused by even an assumed breach of contract by [Occidental]." Occidental has failed to provide any evidence that Fine Point did or said anything that prevented Occidental from demonstrating that Fine Point's purported damages were excessive.  Before denying Occidental's motion to set aside the judgment, the trial court found that:

> Occidental did not file an answer.  They were aware, numerous times, from the attorney that [Fine Point] intended to apply for default and request a default judgment, and the documentation was provided to show that they did attempt to notify [Occidental] of [the] default hearing.

¶12        Because Occidental was on notice of Fine Point's complaint and application for  default judgment, Occidental's failure to file an answer and attend the default judgment hearing cannot be said to be the result of Fine Point's fraud, misrepresentation or misconduct.  Also, had Occidental appeared and defended, it could have raised its defenses.  But for whatever reason, it chose not to appear before the entry of default.  Therefore, we find the trial court did not abuse its discretion in determining that Rule 60(c)(3) was not applicable.

¶13        Occidental also argues that the trial court should have set aside the judgment pursuant to Rule 60(c)(6), which permits the court to grant relief from a final judgment for "any other reason justifying relief from the operation of the judgment."  To obtain relief under Rule 60(c)(6), Occidental must show, "1) *extraordinary circumstances of hardship or injustice* justifying relief and 2) a reason for setting aside the judgment other than one of the reasons set forth in the preceding five clauses of Rule 60(c)." *See Hilgeman v. American Mortg. Sec., Inc.*, 196 Ariz. 215, 220, ¶ 15, 994 P.2d 1030, 1035 (App. 2000) (emphasis added).

¶14        Occidental argues that Rule 60(c)(6) applies to this case because the June 18, 2012 correspondence in which Occidental agreed to indemnify Belfor, constituted a settlement of its dispute with Fine Point in compliance with Rule 80(d).  Occidental further contends that "[b]ecause the parties had already settled this matter, the settlement should be enforced and the void Judgment should be set aside . . . The failure to defend the litigation after the settlement should not operate to unwind the settlement."  Fine Point maintains that there was no settlement because the correspondence reserved Occidental's right to withdraw from the litigation,

"should facts be developed that determine the . . . policy does not cover this loss." Furthermore, Occidental did not pay Belfor's defense fees until after the judgment was entered.

**¶15** Even if Occidental could show that it promptly sought relief from the default judgment and that its settlement argument was a substantial and meritorious defense, it has not demonstrated that its failure to file an answer to Fine Point's complaint was justified as required by Rule 60(c)(6). We have held that a party's choice to not respond to a complaint does not rise to the level of extraordinary circumstances of hardship or injustice under Rule 60(c)(6). *Marks v. LaBerge*, 146 Ariz. 12, 16, 703 P.2d 559, 563 (App. 1985). Thus, the trial court did not abuse its discretion by determining that Occidental's failure to file an answer was not excused by Rule 60(c)(6).[2]

II.     Attorney Fees and Costs

**¶16** On appeal, both parties request attorney fees pursuant to A.R.S. § 12-341.01. Fine Point also requests its costs pursuant to A.R.S. § 12-341. In the exercise of our discretion, we grant Fine Point its reasonable attorney fees and costs contingent on its compliance with Arizona Rule of Civil Appellate Procedure 21. We deny Occidental's request for attorney fees.

---

[2]     Occidental's argument that a Rule 80(d) agreement existed is not well taken. Because Occidental did not appear, Rule 80(d) did not apply. Also, because Occidental did not address the denial of the motion for a new trial, we will not address it. *See Carrillo v. State*, 169 Ariz. 126, 132, 817 P.2d 493, 499 (App. 1991) ("[i]ssues not clearly raised and argued on appeal are waived").

## CONCLUSION

**¶17** For the foregoing reasons, we affirm the trial court's order denying Occidental's motion to set aside the default judgment.



Ruth A. Willingham · Clerk of the Court
FILED : ama