NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JASON TROSKA, *Plaintiff/Appellee*,

*v.*

MICHAEL THOMAS PETRAMALA, *Defendant/Appellant*.

No. 1 CA-CV 20-0107
FILED 11-5-2020

Appeal from the Superior Court in Maricopa County
No. CV2019-057397
The Honorable Gary L. Popham, Jr., Judge *Pro Tempore*

**AFFIRMED**

APPEARANCES

Jason Troska, Phoenix
*Plaintiff/Appellee*

Michael Thomas Petramala, Phoenix
*Defendant/Appellant*

---

## MEMORANDUM DECISION

Judge D. Steven Williams delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge David D. Weinzweig joined.

---

**W I L L I A M S**, Judge:

**¶1**            Michael Thomas Petramala ("Petramala") appeals an Injunction Against Harassment ("Injunction"). For reasons that follow, we affirm.

### FACTUAL AND PROCEDURAL HISTORY[1]

**¶2**            Jason Troska ("Troska") manages an apartment complex owned by the Heinz Troska Living Trust ("Living Trust"). Petramala was a tenant of the complex through a federal low-income housing assistance program, commonly referred to as "Section 8," until he was evicted at the end of 2019.[2]

**¶3**            Between November and December 2019, Petramala repeatedly contacted Troska via text messages, emails and phone calls threatening to sue Troska, his father and the Living Trust. Petramala claimed, among other things, "I will own every[thing] you have," "[y]ou are going to wish you never violated my fair housing rights when I end up owning this dump," and "I will be awarded at least 2 mil[lion dollars] for your fair housing violations." Troska repeatedly, but unsuccessfully, asked Petramala to stop contacting him. In December 2019, Troska obtained an *ex parte* Injunction precluding Petramala from contacting him or visiting certain locations. Petramala challenged the Injunction. A contested

---

[1] Petramala's opening brief contains a statement of facts without appropriate citations to the record as required under Rule 13 of the Arizona Rules of Civil Appellate Procedure. Therefore, we disregard the factual assertions in the opening brief and rely upon our review of the record. *See State Farm Mut. Auto. Ins. Co. v. Arrington*, 192 Ariz. 255, 257 n.1 (App. 1998).

[2] 42 U.S.C. §§ 1401–1440 (2020).

evidentiary hearing followed in January 2020 where the superior court affirmed the Injunction.

**¶4**        Petramala timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and -2101(A)(5)(b).

## DISCUSSION

**¶5**        We review a ruling on an injunction against harassment for an abuse of discretion, *LaFaro v. Cahill*, 203 Ariz. 482, 485, ¶ 10 (App. 2002), and will affirm if "substantial evidence" supports the ruling, *Prudential Ins. Co. of Am. v. Pochiro*, 153 Ariz. 368, 370 (App. 1987).

**¶6**        By statute, an injunction may issue if "reasonable evidence" exists that the defendant harassed the plaintiff within the past year or if "good cause exists to believe that great or irreparable harm would result to the plaintiff if the injunction is not granted." A.R.S. § 12–1809(E). "Harassment" means:

> A series of acts over any period of time that is directed at a specific person and that would cause a reasonable person to be seriously alarmed, annoyed or harassed and the conduct in fact seriously alarms, annoys or harasses the person and serves no legitimate purpose.

A.R.S. § 12–1809(S)(1)(a); *LaFaro*, 203 Ariz. at 485, ¶ 10. An injunction may preclude, among other things, the defendant from contacting the plaintiff or going near the plaintiff's residence, place of employment or school. A.R.S. § 12–1809(F)(2).

**¶7**        Petramala contends the superior court erred in issuing the Injunction because "[his] actions served the legitimate purpose of attempting to settle pending litigation." Petramala has not provided a transcript of the evidentiary hearing where he challenged the Injunction. "It is the appellant's burden to ensure that 'the record on appeal contains all transcripts or other documents necessary for us to consider the issues raised.' And, in the absence of a transcript, we presume the evidence and arguments presented at the hearing support the trial court's ruling." *Blair v. Burgener*, 226 Ariz. 213, 217, ¶ 9 (App. 2010) (quoting *Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995)). Nevertheless, as best as we can gather from the limited record before us, even if initial correspondence with Troska to notify or attempt to settle were legitimate, Petramala's persistent and

constant communication, after Troska made repeated requests to discontinue the communication, went beyond any legitimate purpose.

¶8            Petramala also claims the Injunction was unconstitutionally vague because it failed to expressly list the protected addresses. Petramala does not offer any legal authority in support of his argument. *See* ARCAP 13(a)(7)(A) ("An, 'argument' . . . must contain Appellant's contentions concerning each issue presented for review, with supporting reasons for each contention, and with citations of legal authorities and appropriate references to the portions of the record on which the appellant relies . . . ."); *see also Brown v. U.S. Fid. & Guar. Co.*, 194 Ariz. 85, 93, ¶ 50 (App. 1998) (as amended and corrected) (declining to address a claim made without supporting authority or argument).

¶9            The Arizona Rules of Protective Order Procedure ("RPOP") authorize courts to omit specific addresses from the Injunction when necessary. *See* RPOP Rule 20 ("A judicial officer must verify that the plaintiff's residential address and contact information do not appear on the petition or the protective order. The judicial officer must avoid stating the plaintiff's residential address or contact information on the record."); *see also* RPOP Rule 23(h)(3) ("Other specifically designated locations may be included in the order. [But] [i]f the defendant does not know the address of these additional places, a judicial officer *may*, at the plaintiff's request, protect the additional addresses.") (emphasis added). Here, the Injunction provides Troska's full residential address while two other identified addresses are protected and undisclosed on the face of the Injunction. As noted, *supra* ¶ 5, we will affirm if "substantial evidence" supports the Injunction, including its terms. *See Prudential*, 153 Ariz. at 370 (App. 1987). On this record, substantial evidence supports the superior court's protection of the addresses. Petramala's constitutional challenge fails.

¶10           Finally, Petramala relies upon *Martin v. City of Boise*, 920 F.3d 584 (9th Cir. 2019), *cert. denied sub nom. City of Boise, Idaho v. Martin*, 140 S. Ct. 674 (2019), to argue he has "a constitutional right to camp on the public sidewalk" outside of the apartment complex from which he was evicted. However, *Martin* addressed the constitutionality of a city ordinance banning public camping as applied to homeless persons lacking alternative types of shelter. *Id.* at 616–17. Here, the Injunction precludes Petramala from going to a location from which he was evicted, not from finding shelter at alternative locations.

**CONCLUSION**

**¶11**      For the foregoing reasons, we affirm the Injunction Against Harassment.



AMY M. WOOD • Clerk of the Court
FILED:    AA