NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

VERONICA DRIGGERS, *Petitioner/Appellee,*

*v.*

PAUL WILLIAM DRIGGERS, *Respondent/Appellant.*

No. 1 CA-CV 22-0357 FC
FILED 1-17-2023

---

Appeal from the Superior Court in Maricopa County
No.  LC2022-000073-001
Glendale Municipal Court
No. PO2021018034
The Honorable Julie A. LaFave, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Mayes Telles, PLLC, Phoenix
By Kaitlin DiMaggio
*Counsel for Petitioner/Appellee*

Paul William Driggers, Phoenix
*Respondent/Appellant*

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Vice Chief Judge David B. Gass joined.

**B A I L E Y**, Judge:

**¶1**　　　　Paul William Driggers ("Paul") appeals the superior court's order affirming an order of protection against him.　For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**　　　　Veronica Driggers ("Veronica") petitioned for an order of protection against Paul in December 2021.　Her husband, who passed away the year before, was Paul's son.

**¶3**　　　　Based on the petition, the municipal court issued an ex parte order of protection prohibiting Paul from contacting Veronica or going near her home.　Paul then requested a hearing on the order of protection.　*See* Ariz. Rev. Stat.　("A.R.S.") § 13-3602(L).　After the hearing, the municipal court affirmed the order, finding Paul committed stalking, an act of domestic violence against Veronica.　*See* A.R.S. §§ 13-2923, -3601(A).　Paul then appealed the municipal court's decision to the superior court.　*See* A.R.S. § 22-425(B).　The superior court affirmed the order of protection. Paul timely appealed, and we have jurisdiction under A.R.S. § 22-375(A).

## DISCUSSSION

**¶4**　　　　Our jurisdiction is limited to Paul's arguments that the order of protection statutes and rules are facially unconstitutional.　*See* A.R.S. § 22-375 ("[T]here shall be no appeal from the judgment of the superior court given in an action appealed from . . . a municipal court" unless "the action involves the validity of a tax, impost, assessment, toll, municipal fine or statute."); *see also State v. Okken*, 238 Ariz. 566, 569, ¶¶ 7-8 (App. 2015) (recognizing our jurisdiction under A.R.S. § 22-375 is limited to facial constitutional challenges).

**¶5**　　　　"We review the constitutionality of statutes de novo." *State v. Arevalo*, 249 Ariz. 370, 373, ¶ 9 (2020) (citation omitted).　We presume a

statute is constitutional and "the challenging party bears the burden of proving its unconstitutionality." *Id.* (citation omitted). To succeed on a facial challenge, Paul "must establish that no set of circumstances exists under which the [statutes] would be valid." *Id.* at ¶ 10 (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)).

**¶6**     An appellant has an obligation to provide any transcripts necessary to support his arguments on appeal. *See* ARCAP 11(b)(1), (c). Because Paul has failed to provide the municipal court hearing transcript, we presume the transcript supports the superior court's judgment. *See Blair v. Burgener*, 226 Ariz. 213, 217, ¶ 9 (App. 2010).

**¶7**     Paul argues A.R.S. § 13-3601(A)(4), which states a defendant commits domestic violence when he commits an enumerated offense and is related to the victim "by marriage as a parent-in-law," is unconstitutional because it does not require a defendant to consent to the in-law relationship classification. Paul has failed to show A.R.S. § 13-3601(A)(4) is facially unconstitutional. He cites no authority to support his position that consent to an in-law relationship is constitutionally required. Moreover, because his argument contemplates the statute is constitutional when consent exists, he cannot establish "that no set of circumstances exists under which the [statute] would be valid." *Arevalo*, 249 Ariz. at 373, ¶ 10 (quoting *Salerno*, 481 U.S. at 745). And we lack jurisdiction over his arguments that because his son's death terminated the marriage predicating his status as Veronica's father-in-law, the statute was unconstitutionally applied here. *See Okken*, 238 Ariz. at 569, ¶ 8.

**¶8**     Paul next argues the Arizona Rules of Protective Order Procedure ("Rules") provide insufficient due process protections. "Due process entitles a party to notice and an opportunity to be heard at a meaningful time and in a meaningful manner" and "to offer evidence and confront adverse witnesses." *Curtis v. Richardson*, 212 Ariz. 308, 312, ¶ 16 (App. 2006) (citations omitted). Paul was entitled to and received a contested hearing on the order of protection. Under the Rules, at the hearing, he had the right to submit evidence relevant to the allegations in Veronica's petition, *see* Ariz. R. Prot. Order P. 36, be heard at the hearing, call and examine witnesses, and cross-examine Veronica's witnesses, *see* Ariz. R. Prot. Order P. 38(g)(1). And to sustain the order, Veronica was required to prove her case by a preponderance of the evidence. *See* Ariz. R. Prot. Order P. 38(g)(3). Though the Rules do not provide for pre-hearing disclosure, this is not constitutionally required. *See Samiuddin v. Nothwehr*, 243 Ariz. 204, 211, ¶ 20 (2017) ("[D]ue process is flexible and calls for such procedural protections as the particular situation demands." (quoting

*Mathews v. Eldridge*, 424 U.S. 319, 334 (1976))).  The Rules provide adequate due process protections.

**¶9**　　　　Paul also claims, without citation to any legal authority, that because "in almost every [order of protection] case filed . . . in Arizona . . . the petitioners . . . are granted relief," the process is a "rigged affair" and unconstitutional.  But "[a]rguments unsupported by any authority will not be considered on appeal." *John Munic Enters., Inc. v. Laos*, 235 Ariz. 12, 21, ¶ 30 (App. 2014) (quoting *Ness v. W. Sec. Life Ins. Co.*, 174 Ariz. 497, 503 (App. 1992)).

**¶10**　　　　Veronica requests her attorneys' fees and costs under Rule 39 and ARCAP 25.  In our discretion, we decline to award her attorneys' fees. We do award her taxable costs upon compliance with ARCAP 21.

## CONCLUSION

**¶11**　　　　We affirm.



AMY M. WOOD • Clerk of the Court
FILED:　AA