NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

EZ HOMES, INC., *Plaintiff/Appellee,*

*v.*

MARK A. MALL, *Defendant/Appellant.*

No. 1 CA-CV 23-0755

FILED 09-05-2024

Appeal from the Superior Court in Maricopa County
No. CV2023-015502
The Honorable Mary Collins Cronin, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Mark Anthony Mall, Phoenix
*Defendant/Appellant*

Zona Law Group, Scottsdale
By Scott E. Williams, Amy N. Toppel
*Counsel for Plaintiff/Appellee*

**MEMORANDUM DECISION**

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Andrew M. Jacobs joined.

**C R U Z**, Judge:

**¶1**         Defendant Mark A. Mall appeals the superior court's judgment finding him guilty of forcible detainer. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

**¶2**         In September 2023, plaintiff EZ Homes purchased Mall's residence at a trustee sale. EZ Homes provided Mall written notice to vacate the property. When Mall did not vacate the property, EZ Homes filed this forcible detainer action. The superior court held a hearing where it found Mall guilty of forcible detainer and granted EZ Homes immediate possession of the property. The superior court also determined Mall owed $4,200 in rent, $1,500 in attorneys' fees, and $598 in costs.

**¶3**         Mall timely appeals. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).

## DISCUSSION

**¶4**         Mall's opening brief fails to comply with Arizona Rule of Civil Appellate Procedure ("ARCAP") 13. ARCAP 13(a)(7)(A) requires arguments to include "contentions concerning each issue presented for review, with supporting reasons for each contention, and with citations of legal authorities and appropriate references to the . . . record." "[W]e consider waived those arguments not supported by adequate explanation, citations to the record, or authority." *In re Aubuchon*, 233 Ariz. 62, 64-65, ¶ 6 (2013). Mall argues EZ Homes initiated an unlawful eviction action, and the superior court infringed his rights to due process and trial by jury. But Mall does not support any of his arguments with adequate explanation or citations to the record, thus waiving them.

**¶5**         Even if Mall's claims were not waived on appeal, he has not provided the transcript of the hearing necessary to review the superior court's ruling. *See* ARCAP 11(c)(1) ("The appellant must order transcripts of superior court proceedings not already in the official record that the appellant deems necessary for proper consideration of the issues on appeal."); *Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995) ("A party is responsible for making certain the record on appeal contains all transcripts or other documents necessary for us to consider the issues raised on appeal."). "[I]n the absence of a transcript, we presume the evidence and arguments presented at the hearing support the trial court's ruling." *Blair v. Burgener*, 226 Ariz. 213, 217, ¶ 9 (App. 2010). Because we lack a transcript of the

hearing where the superior court received evidence and heard arguments, we cannot say the superior court erred.

**¶6**　　　　Additionally, we have independently reviewed the record including: 1) the complaint that alleged Mall retained possession after termination of his tenancy or demand for possession, 2) the complaint's exhibits, including a certified copy of the Trustee's Deed Upon Sale, 3) the order granting alternate service by posting notice on the property, and 4) the superior court's judgment of eviction finding Mall guilty of forcible detainer and granting EZ Homes immediate possession of the property. Nothing in the record shows the superior court erred in its judgment.

**¶7**　　　　EZ Homes requests attorneys' fees and costs pursuant to ARCAP 21. We deny its request because ARCAP 21 does not provide an independent basis for an award of attorneys' fees and because EZ Homes did not cite a statute, rule, or other substantive authority for its request. *See* ARCAP 21(a)(2). As the prevailing party, we grant EZ Homes its costs on appeal upon compliance with ARCAP 21.

## CONCLUSION

**¶8**　　　　We affirm.



AMY M. WOOD • Clerk of the Court
FILED:　AGFV