NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

ANGELICA GONZALEZ,
*Petitioner/Appellant*,

*v.*

CARLOS SANTIAGO HERNANDEZ GARCIA,
*Respondent/Appellee*.

No. 1 CA-CV 23-0756 FC

FILED 10-10-2024

Appeal from the Superior Court in Maricopa County
No. FC2022-000702
The Honorable James N. Drake, Judge

**AFFIRMED**

COUNSEL

Angelica Gonzalez Moreno, Avondale
*Petitioner/Appellant*

Carlos Santiago Hernandez Garcia, Phoenix
*Respondent/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Andrew M. Jacobs joined.

---

**C R U Z**, Judge:

**¶1**        Angelica Gonzalez ("Mother") appeals from the dissolution decree ending her marriage to Carlos Garcia ("Father"). For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

**¶2**        In February 2022, Mother filed for divorce and in July 2023 the superior court issued a decree of dissolution. The decree of dissolution awarded equal parenting time on a two-week schedule and ordered Father to pay child support and 51% of any uninsured medical costs. The decree also awarded the home the family had lived in to Father as sole and separate property and determined that there were no financial accounts containing community property that required allocation. Mother then filed a motion to alter or amend the decree arguing the superior court erred when it offset a community lien with Father's post-service expenditures toward an asset found to be his sole and separate property. The superior court denied Mother's motion to alter or amend.

**¶3**        Mother timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).

## DISCUSSION

**¶4**        Mother's opening brief fails to comply with Arizona Rule of Civil Appellate Procedure ("ARCAP") 13. ARCAP 13(a)(7)(A) requires arguments to include "contentions concerning each issue presented for review, with supporting reasons for each contention, and with citations of legal authorities and appropriate references to the . . . record." Mother does not support her arguments with citations to the record or relevant authority. Mother also raises issues not previously litigated in the superior court. Even if we overlook the deficiencies in the opening brief, we must affirm the superior court's ruling.

**¶5**        Mother argues, for the first time on appeal, that Father's 401(k) should be equitably divided as community property.  An argument not raised before the superior court cannot be raised for the first time on appeal.  *Dillig v. Fisher*, 142 Ariz. 47, 51 (App. 1984).  Therefore, we will not consider this argument.

**¶6**        Mother also argues the superior court erred when it awarded the home the family lived in to Father as his sole and separate property.  Mother has not provided the transcript of the hearing.  *See* ARCAP 11(c)(1)(A) ("The appellant must order transcripts of superior court proceedings not already in the official record that the appellant deems necessary for proper consideration of the issues on appeal.").  "[I]n the absence of a transcript, we presume the evidence and arguments presented at the hearing support the trial court's ruling."  *Blair v. Burgener*, 226 Ariz. 213, 217, ¶ 9 (App. 2010).  Because we lack a transcript of the hearing where the superior court received evidence and heard arguments, we cannot say the superior court erred.

**¶7**        We have independently reviewed the record including: (1) the petition for dissolution of marriage; (2) the response to the petition; (3) the decree of dissolution; (4) admitted exhibits including a Disclaimer Deed signed by Mother renouncing any interest in the home and acknowledging the house as Father's sole and separate property; (5) Mother's motion to alter or amend; (6) Father's response to the motion to alter or amend; and (7) the judgment denying Mother's motion to alter or amend.  Nothing in the record shows the superior court erred in awarding the home to Father as his sole and separate property.

**¶8**        Mother does not argue the superior court erred when granting equal parenting time but requests that parenting time be modified due to changed circumstances.  The superior court retains jurisdiction to "modify an order granting or denying parenting time rights whenever the modification would serve the best interest of the child."  A.R.S. § 25-411(J).  Therefore, any request for modification of parenting time should be filed with the superior court.

**¶9**        Similarly, Mother does not argue the superior court erred when awarding child support and shared responsibility for uninsured medical costs but requests these payment obligations be enforced.  The superior court retains jurisdiction to enforce these payments and any requests for enforcement should be filed with the superior court.  *See* A.R.S. § 25-502(A) ("The superior court has original jurisdiction in proceedings

brought by . . . a person having physical custody of a child. . . to establish, enforce or modify the duties of support . . . .").

## CONCLUSION

¶10     We affirm.

